```
                              FILED
                      CLERK, U.S. DISTRICT COURT

                              7/9/2024

                      CENTRAL DISTRICT OF CALIFORNIA
                      BY:      MMC       DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:24-CR-00413-ODW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| FELIPE VALENTIN, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1)]

On or about April 20, 2024, in Los Angeles County, within the Central District of California, defendant FELIPE VALENTIN knowingly possessed the following ammunition, each in and affecting interstate and foreign commerce:

   1.  One round of Precision Made Cartridges 9mm caliber ammunition;
   2.  Two rounds of Federal Cartridge Co. 9mm caliber ammunition;
   3.  One round of LAX 9mm caliber ammunition;
   4.  One round of Speer 9mm caliber ammunition; and

5.   One round of Turan Ammunition 9mm caliber ammunition.

Defendant VALENTIN possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Extortion, in violation of California Penal Code Section 520, in the Superior Court for the State of California, County of Los Angeles, Case Number NA070943, on or about January 12, 2007;

2.   Assault with a Semi-Automatic Firearm, in violation of California Penal Code Section 245(b), in the Superior Court for the State of California, County of Los Angeles, Case Number NA070943, on or about January 12, 2007; and

3.   Assault with a Semi-Automatic Firearm, in violation of California Penal Code Section 245(b), in the Superior Court for the State of California, County of Los Angeles, Case Number NA118970, on or about April 19, 2023.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about April 29, 2024, in Los Angeles County, within the Central District of California, defendant FELIPE VALENTIN knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1. A Smith & Wesson, Model M&P 40, .40 caliber pistol, with an obliterated serial number;

2. A Glock, Model 21C, .45 caliber pistol, bearing serial number FDL495;

3. A Ruger, Model SP101, .357 magnum caliber revolver, bearing serial number 576-87490;

4. A Glock, Model 19X, 9mm caliber pistol, bearing serial number BSLC914;

5. A Glock, Model 19 Gen5, 9mm caliber pistol, bearing serial number BHNS156;

6. A Taurus, Model PT111 G2, 9mm caliber pistol, bearing serial number TJX11873;

7. 15 rounds of Winchester .40 caliber ammunition; and

8. 13 rounds of Hornady .45 caliber ammunition.

Defendant VALENTIN possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Extortion, in violation of California Penal Code Section 520, in the Superior Court for the State of California, County of Los Angeles, Case Number NA070943, on or about January 12, 2007;

    2.    Assault with a Semi-Automatic Firearm, in violation of California Penal Code Section 245(b), in the Superior Court for the State of California, County of Los Angeles, Case Number NA070943, on or about January 12, 2007; and

    3.    Assault with a Semi-Automatic Firearm, in violation of California Penal Code Section 245(b), in the Superior Court for the State of California, County of Los Angeles, Case Number NA118970, on or about April 19, 2023.

|    |                                                                                     |
|----|-------------------------------------------------------------------------------------|
| 1  | FORFEITURE ALLEGATION                                                               |
| 2  | [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]                                     |
| 3  | 1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal                         |
| 4  | Procedure, notice is hereby given that the United States of America                 |
| 5  | will seek forfeiture as part of any sentence, pursuant to Title 18,                 |
| 6  | United States Code, Section 924(d)(1), and Title 28, United States                  |
| 7  | Code, Section 2461(c), in the event of the defendant's conviction of                |
| 8  | the offenses set forth in any of Counts One or Two this Indictment.                 |
| 9  | 2.   The defendant, if so convicted, shall forfeit to the United                    |
| 10 | States of America the following:                                                    |
| 11 | (a)  All right, title, and interest in any firearm or                               |
| 12 | ammunition involved in or used in such offense; and                                 |
| 13 | (b)  To the extent such property is not available for                               |
| 14 | forfeiture, a sum of money equal to the total value of the property                 |
| 15 | described in subparagraph (a).                                                      |
| 16 | 3.   Pursuant to Title 21, United States Code, Section 853(p),                      |
| 17 | as incorporated by Title 28, United States Code, Section 2461(c), the               |
| 18 | defendant, if so convicted, shall forfeit substitute property, up to                |
| 19 | the value of the property described in the preceding paragraph if, as               |
| 20 | the result of any act or omission of the defendant, the property                    |
| 21 | described in the preceding paragraph or any portion thereof (a)                     |
| 22 | cannot be located upon the exercise of due diligence; (b) has been                  |
| 23 | transferred, sold to, or deposited with a third party; (c) has been                 |
| 24 | //                                                                                  |
| 25 | //                                                                                  |
| 26 | //                                                                                  |
| 27 |                                                                                     |
| 28 |                                                                                     |

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                             /s/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

JEREMY K. BEECHER
Assistant United States Attorney
General Crimes Section